```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
  ALAPAHA VIEW LTD., DALAMAN                     :
  MANAGEMENT CORP., JAILINELI LTD.,              :
  ECEN DEL CENTRO SA DE CV, COLLE                :
  INVESTMENTS LTD., INTERNATIONAL                :
  C18 HOLDINGS LTD., ARTESANA SA,                :        20-CV-7572 (VSB)
  MIGUEL GONZALEZ-TEJA                           :
  ZACHRISSON, PABLO MIGUEL                       :        **OPINION & ORDER**
  MARANTZ, GONZALO JOSE VIDAL                    :
  DEVOTO, MARIA AMANCAY                          :
  CAPARROS, MARIA VICTORIA RUIZ                  :
  DE VELASCO MARTINEZ DE ERCILLA,                :
  BLANCA ARACELI BOTRAN                          :
  SANTIAGO, ANA LUCRECIA GARCIA                  :
  BOTRAN, MANUEL PISA MUNTANE,                   :
  CHRISTINE MARIE PASCUAL PAR,                   :
  ANA MABEL ROA BARRERA, LUZ                     :
  MARINA ROA BARRERA, GLORIA                     :
  BARRERA GALVIS, ALEJANDRO                      :
  CELENTANO, JUAN CARLOS TIMEUS                  :
  RODAS, INIGO DIEGO EUGENIO                     :
  MARIA RAPHAEL ASPILLAGA                        :
  PLENGE, NELLY MARIA BEATRIZ DE                 :
  PARAMO PARLE, RITA NELLY MARIA                 :
  DE PARAMO PARLE, MARIA PAULA                   :
  ARNALDO, CESAR HUMBERTO                        :
  MEDINA GARCIA,ANA MARIA MATE                   :
  LONDONO, and FELIPE CORTES FONT,               :
                                                 :
                                                 :
                               Plaintiffs,       :
                                                 :
                 - against -                     :
                                                 :
                                                 :
  PRODIGY NETWORK, LLC, PRODIGY                  :
  SHOREWOOD INVESTMENT                           :
  MANAGEMENT LLC, 84 WILLIAM STREET              :
  NEWCO, INC., 84 WILLIAM STREET                 :
  REALTY ASSOCIATES LLC, PRODIGY                 :
  SHOREWOOD NEW YORK REP CO., and 84             :
  WILLIAM MEZZ NEWCO, INC.,                      :
                                                 :
                               Defendants.       :
------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/10/2021

Appearances:

Mark J. Astarita
Sallah Astarita & Cox LLC
Verona, NJ
*Counsel for Plaintiffs*

Bradley Philip Pollina
Nolan Edward Shanahan
Warren A. Usatine
Cole Schotz P.C.
New York, NY
*Counsel for Defendant Prodigy Shorewood Investment Management LLC*

<u>VERNON S. BRODERICK</u>, United States District Judge:

Before me is Defendant Prodigy Shorewood Investment Management, LLC's ("PSIM") letter motion to stay discovery. Because PSIM has filed a dispositive motion, discovery would be unduly burdensome, and a stay would not prejudice Plaintiffs, PSIM's motion to stay discovery is GRANTED.

**I.      Background**

On September 15, 2020, 26 plaintiffs ("Plaintiffs"), who are foreign corporations, foreign citizens, and United States citizens filed this action. (Doc. 1.) Plaintiffs assert breach of contract, common law fraud, fraudulent inducement, negligent representation, and negligence claims arising out of Plaintiffs' investments in a real estate project located in New York. (Sec. Am. Compl. ¶¶ 112–203.)[1] Plaintiffs name six defendants: PSIM, Prodigy Network, LLC ("Prodigy Network"), Prodigy Shorewood New York Rep Co. ("Prodigy NY"), 84 William Street Newco, Inc. ("Newco"), 84 William Mezz Newco, Inc. ("Mezz"), and 84 William Street Realty Associates LLC ("Realty"), (collectively, "Defendants"). (*Id.* ¶¶ 25–30.)

On October 5, 2020, Plaintiffs filed a first amended complaint ("First Amended

---

[1] "Sec. Am. Compl." refers to the second amended complaint, filed by Plaintiffs on March 12, 2021. (Doc. 91.)

Complaint"). (Doc. 26.) On December 11, 2020, Defendant PSIM filed a motion to dismiss the First Amended Complaint and a letter motion to stay discovery. (Docs. 44–46.) On December 16, 2020, Plaintiffs filed a letter in opposition to PSIM's motion to stay discovery. (Doc. 50.) On January 27, 2021, Plaintiffs and PSIM entered into a stipulation under which PSIM would withdraw its motion to dismiss without prejudice, and consent to Plaintiffs filing a second amended complaint. (Doc. 76.) Thereafter, PSIM indicated that its motion to stay discovery was not moot because it intended to file a motion to dismiss the second amended complaint. (Doc. 78.) Plaintiffs responded that the motion was moot given the filing of a second amended complaint, and that there was no motion pending addressed to the operative complaint. (Doc. 79.)[2] On March 12, 2021, Plaintiffs filed a second amended complaint ("Second Amended Complaint") (Sec. Am. Compl.) That same day, PSIM filed a motion to dismiss the Second Amended Complaint, (Docs. 92–94), which has now been fully briefed, (*see* Docs. 96–98).

Additionally, on January 15, 2021, Plaintiffs moved for default against Defendants Prodigy Network, Prodigy NY, Newco, Mezz, and Realty, (Docs. 62–65), and on March 12, 2021, I entered default judgment as to liability in favor of Plaintiffs and against those five defendants, (Doc. 95). PSIM, therefore, remains the only defendant not in default.

II. **Legal Standard**

Pursuant to Federal Rule of Civil Procedure 26(c), a district court may stay discovery for "good cause." Fed. R. Civ. P. 26(c). If a motion to dismiss is pending, "courts typically consider several factors in determining whether to stay discovery; including: (1) whether a

---

[2] Given that PSIM has filed a motion to dismiss the second amended complaint, which reiterates many of its original arguments, I find that the motion to stay discovery is not moot, and I will consider the motion to stay as if it were filed after the second amended complaint. I will also consider Plaintiff's letter in opposition to the motion to stay. Nothing would be gained by requiring the parties to submit second virtually identical letters related to the motion to stay.

3

defendant has made a strong showing that the plaintiff's claim is unmeritorious, (2) the breadth of discovery and the burden of responding to it, and (3) the risk of unfair prejudice to the party opposing the stay." *Am. Fed'n of Musicians & Employers' Pension Fund v. Atl. Recording Corp.*, No. 1:15-CV-6267-GHW, 2016 WL 2641122, at *1 (S.D.N.Y. Jan. 8, 2016) (internal quotation marks omitted); *see also Shulman v. Becker & Poliakoff*, LLP, No. 17CV9330VMJLC, 2018 WL 4938808, at *2 (S.D.N.Y. Oct. 11, 2018) ("Courts should consider multiple factors, including the breadth of discovery sought, the burden of responding to it, the prejudice that would result to the party opposing the stay, and the strength of the pending motion forming the basis of the request for stay.") (citation omitted). "[I]mposition of a stay is not appropriate simply on the basis that a motion to dismiss has been filed." *In re Currency Conversion Fee Antitrust Litig.*, No. M21-95, 2002 WL 88278, at *1 (S.D.N.Y. Jan. 22, 2002).

### III. Discussion

First, regarding the strength of PSIM's pending motion to dismiss, the motion rests in large part on PSIM's lack of involvement in the alleged acts, and PSIM asserts that its motion will result in the complete dismissal of PSIM pursuant to Federal Rule of Civil Procedure 12(b)(6). (PSIM's Mem. 2.)[3] Plaintiffs respond that they have in fact made sufficient allegations to hold PSIM liable. (Pls.' Mem. 1–3.)[4]

After the motion to stay discovery was filed, Plaintiffs filed their Second Amended Complaint which added a negligence claim against PSIM only. (*See* Sec. Am. Compl. ¶¶ 200–203.) In PSIM's recently-filed motion to dismiss Plaintiffs' Second Amended Complaint, it also moves to dismiss that additional claim. (*See* Doc. 93 at 20–21.)

---

[3] "PSIM's Mem." refers to PSIM's letter motion to stay discovery, filed on December 11, 2020. (Doc. 46.)

[4] "Pls.' Mem." refers to Plaintiffs' letter motion in opposition to PSIM's motion to stay discovery, filed on December 16, 2020. (Doc. 50.)

4

While not addressing the merits of PSIM's motion to dismiss, after an initial review, I find that PSIM's motion to dismiss cuts in favor of a stay because it "is potentially dispositive, and appears to be not unfounded in the law." *Negrete v. Citibank, N.A.*, No. 15 CIV. 7250 (RWS), 2015 WL 8207466, at *1 (S.D.N.Y. Dec. 7, 2015) (citation omitted); *see e.g.*, *Integrated Sys. & Power, Inc. v. Honeywell Int'l, Inc.*, No. 09 CV 5874 (RPP), 2009 WL 2777076, at *1 (S.D.N.Y. Sept. 1, 2009) (finding Defendant's pending motion to dismiss supported a stay where Defendant "put forth in its motion multiple, independent arguments for dismissal and the motion appears not to be unfounded in the law.").

Second, as to the breadth of discovery and the burden of responding to it, I note that at the time the motion to stay was filed, no discovery had been served. (*See* PSIM's Mem. 2–3; Pls.' Mem. 3.) Plaintiffs, however, indicate that they "intend to serve document requests and interrogatories upon PSIM, as well as a notice of deposition," and that discovery will include third party subpoenas. (Pls.' Mem. 3.) Plaintiffs note that they are willing to wait until after the motion to dismiss is decided to depose PSIM, but that a blanket stay of discovery is unwarranted. (*Id.*) PSIM contends that given that the allegations span at least a four-year period and are brought on behalf of 26 parties, who invested with distinct transactional documents, "the expected search for ESI alone would be enormously time-consuming, expensive." (PSIM's Mem. 3.) I agree with PSIM regarding the potential burden of discovery in this case. This case involves conduct spanning over multiple years, 26 plaintiffs, six defendants, and countless transactional documents. (*See generally* Sec. Am. Compl.) The Second Amended Complaint is more than 200 paragraphs long, and involves five separate counts. (*Id.*) At this stage, even document discovery would be onerous. *See HAHA Glob., Inc. v. Barclays*, No. 119CV04749VECSDA, 2020 WL 832341, at *1 (S.D.N.Y. Feb. 20, 2020) (finding discovery burdensome where there were a large number of defendants and claims asserted by plaintiff.) Additionally, "because the disposition of the

5

dismissal motion[] may significantly narrow, if not eliminate, the issues remaining in this case, [I] find[] that proceeding with discovery while the motion is pending would waste the parties' resources and would constitute an undue burden on Defendant[]." *Id.*

Finally, PSIM argues that Plaintiffs will not suffer unfair prejudice from a limited stay because the case is relativity young, and no other defendant has appeared in the case. (PSIM's Mem. 3.) Plaintiffs assert that "[a] discovery stay would only further assist PSIM and its co-defendants in preventing the details of its fraud from being exposed," and that discovery is necessary not only for its case against PSIM but also for its claims against the remaining defendants. (Pls.' Mem. 4.) As I have entered default judgment as to liability for the remaining defendants and held in abeyance an inquest on damages until the case is resolved against PSIM, (*see* Doc. 95), the only defendant the stay will affect is PSIM. Additionally, because PSIM's motion to dismiss has now been fully briefed "any stay would last briefly." *HAHA Glob.*, 2020 WL 832341, at *1. "[A] stay pending determination of a dispositive motion that potentially eliminates the entire action will neither substantially nor unduly delay the action, should it continue." *Spinelli v. Nat'l Football League*, No. 13 CIV. 7398 (RWS), 2015 WL 7302266, at *2 (S.D.N.Y. Nov. 17, 2015) (finding a delay in discovery without more does not amount to unfair prejudice). Although Plaintiffs propose that I should at a minimum allow document discovery and interrogatories to proceed, given the complexity of the action, which is based on countless transactional documents, I am not persuaded.[5]

---

[5] Plaintiffs' citation to *Brooks v. Macy's, Inc.*, No. 10 CIV 5304 BSJ HBP, 2010 WL 5297756, at *1 (S.D.N.Y. Dec. 21, 2010) presents a different set of circumstances than those at issue here. *Brooks* was an ERISA action involving a single plaintiff and a single defendant that sought remand of the action to the plan administrator. *Id.* In allowing for limited discovery, Magistrate Judge Pitman observed that "[e]ven if the remand that defendant seeks is granted, the non-deposition discovery will have to be conducted after the administrator renders his or her decision, unless plaintiff prevails at the administrative level. Thus, it is probably inevitable that the discovery will be conducted at some time." *Id.* at 2. That is not the case here.

## IV. Conclusion

Accordingly, for the foregoing reasons, PSIM's motion to stay discovery is GRANTED. Discovery is hereby stayed pending a decision on PSIM's motion to dismiss. The Clerk of Court is respectfully directed to terminate docket entries 46 and 78.

SO ORDERED.

Dated: May 10, 2021
      New York, New York

                                      Vernon S. Broderick
                                      United States District Judge